***E-FILED - 12/15/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA,<br><br>  Petitioner,<br><br>  v.<br><br>SUPREME COURT OF CALIFORNIA, et al.,<br><br>  Respondents. | No. C 08-4971 RMW (PR)<br><br>ORDER OF DISMISSAL |

    Petitioner, a Canadian prisoner, filed a motion for leave to file a writ of habeas corpus (docket no. 1) as well as a motion for appointment of counsel (docket no. 3). Petitioner contends, inter alia, that his speedy trial rights have been violated. Specifically, petitioner claims that he was wrongfully convicted in Canada, has been incarcerated there for over nine years, and believes he has pending criminal charges waiting for him in Marin County. Because the petition is not addressed to a judgment of a state court, it is considered under 28 U.S.C. § 2241(c)(3).

    There are several problems in this action. The first problem is that the petitioner has not actually filed a petition for writ of habeas corpus. Regardless of why petitioner did not just file his section 2241 petition rather than file a motion for leave to file a section 2241 petition, the fact remains that this court has not received it and this case cannot go forward unless and until a petition for writ of habeas corpus is received. Article III, Section 2 of the United States

Constitution restricts adjudication in federal courts to "cases" and "controversies."  See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  In the absence of an actual petition for a writ of habeas corpus or other substantive pleading, there is no case or controversy for the court to adjudicate.  See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001).  Accordingly, petitioner's motion for leave to file a habeas petition is DENIED without prejudice to re-filing an actual writ of habeas corpus.

The second problem in this action is that, without a habeas petition on file, the court cannot determine whether counsel should be appointed.  The court wants to see the habeas petition to check for threshold problems -- e.g., whether the petition is in the right court, whether state court remedies have been exhausted, and whether the petition appears to be timely -- as well as whether the substance of the claims is such that appointment of counsel is necessary.  Petitioner claims that he needs counsel to prepare the petition, however, this court will not consider appointing counsel without having reviewed a petition.  Therefore, the motion for appointment of counsel (docket no. 3) is DENIED as premature.  Counsel is rarely appointed in federal habeas actions and petitioner, like the many other incarcerated and unrepresented prisoners, must do his best to present his claims on his own behalf.

The third issue is that does not claim that he is a pretrial detainee or awaiting extradition.  In his pleadings, he asserts that he may or may not have pending criminal charges in the Superior Court of Marin County.  He makes no assertion that Marin County or any other jurisdiction has placed a detainer on him.  If petitioner is not a pretrial detainee nor awaiting extradition, he has not demonstrated that he is "in custody" as is required to proceed.  See 28 U.S.C. § 2241(c); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004).

Finally, even if this court construes petitioner's pleadings as a section 2241 writ of habeas corpus and assumes that petitioner satisfies the "in custody" requirement, petitioner has not exhausted his claims.  Although section 2241 has no exhaustion requirement, as an exercise of judicial restraint, federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising the federal claim.  Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980).  Further, the abstention doctrine also

1  requires that federal courts refrain from interfering with ongoing state criminal proceedings,
2  absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); Carden,
3  626 F.2d at 83-84, 83 n.4; Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ( "Our reading of
4  Younger v. Harris convinces us that only in the most unusual circumstances is a defendant
5  entitled to have federal interposition by way of injunction or habeas corpus until after the jury
6  comes in, judgment has been appealed from and the case concluded in state courts. Apparent
7  finality of one issue is not enough.") (citation omitted).

8       Only in cases of proven harassment or prosecutions undertaken by state officials in bad
9  faith without hope of obtaining a valid conviction, and perhaps in other extraordinary
10 circumstances where irreparable injury can be shown, is preconviction federal intervention
11 against pending state prosecutions appropriate.[1] Carden, 626 F.2d at 84 (citing Perez v.
12 Ledesma, 401 U.S. 82, 85 (1971)).

13      Petitioner has conceded that he has failed to exhaust these claims in state court, and he
14 has not attempted to show special circumstances. The case is therefore DISMISSED without
15 prejudice to refiling after all state criminal proceedings are completed and available state judicial
16 remedies are exhausted.

17      The clerk shall terminate any pending motions and close the file.

18      IT IS SO ORDERED.
19 DATED:  12/11/08

*Ronald M. Whyte*
RONALD M. WHYTE
20                            United States District Judge

---

[1] Unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial. Carden, 626 F.2d at 84.

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.08\Lena971dis.pretrial.exh.wpd 3